IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cr-360-ECM |
| | ) | [WO] |
| STEVIE COLEMAN | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Stevie Coleman's ("Coleman") *pro se* motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 123). Coleman contends that a sentence reduction is warranted based on his serious medical conditions. The Government opposes a sentence reduction. (Doc. 131). The motion is ripe for resolution. After careful consideration, and for the following reasons, the Court concludes that Coleman's motion is due to be denied.

On September 9, 2024, this Court sentenced Coleman to 165 months' imprisonment after he pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 § U.S.C. 846 (Count 1); one count of possession with intent to distribute methamphetamine, in violation of 21 § U.S.C. 841(a)(1) (Count 5); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 6). (Doc. 111).[1] Coleman's current projected release date from the Federal Bureau of Prisons ("BOP") is August 1, 2036. *See* https://www.bop.gov/inmateloc/ (last visited June 17, 2026).

---

[1] This sentence consisted of terms of 105 months on Counts 1 and 5, to run concurrently; and 60 months on Count 6, to run consecutively to the terms on Counts 1 and 5.

**DISCUSSION**

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court may reduce a sentence if, after considering the factors found at 18 U.S.C. § 3553(a) to the extent they are applicable, the Court determines that (1) the defendant has exhausted his available administrative remedies, (2) "extraordinary and compelling reasons" warrant a sentence reduction, and (3) the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."[2] 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Smith*, --- F.4th ----, 2026 WL 1543025, at *2 (11th Cir. June 2, 2026); *see also United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) ("Section 3582(c)(1)(A) allows a sentence reduction only if 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"). As the movant, Coleman bears the burden to establish his eligibility for a sentence reduction. *See United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

Section 1B1.13 of the United States Sentencing Guidelines, as amended in November 2023, defines "extraordinary and compelling reasons" to include: (1) the defendant's medical circumstances; (2) the defendant's age; (3) family circumstances of the defendant, including "[t]he incapacitation of the defendant's parent when the defendant would be the only available

---

[2] The applicable policy statement is found in U.S.S.G. § 1B1.13. Pursuant to § 1B1.13, a district court may reduce a sentence if, "after considering the factors found at 18 U.S.C. § 3553(a), to the extent they are applicable," the Court determines: (1) there is an extraordinary and compelling reason for release; (2) the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with the policy statement. U.S.S.G. § 1B1.13; *see also United States v. Handlon*, 97 F.4th 829, 831–82 (11th Cir. 2024) (per curiam).

caregiver for the parent"; (4) the defendant was a victim of abuse while in custody; (5) other reasons "similar in gravity to those described in paragraphs (1) through (4)"; and (6) if the defendant received an unusually long sentence and other conditions are satisfied. *Accord Smith*, 2026 WL 1543025, at *2. If the defendant's "circumstances do not match any of the [§ 1B1.13] categories, then he is ineligible for a reduction." *Bryant*, 996 F.3d at 1254; *see also id.* at 1262 (explaining that "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13").

The Government argues that Coleman is not entitled to a sentence reduction because he has not shown extraordinary and compelling reasons under U.S.S.G. § 1B1.13 and because the § 3553(a) factors do not support release at this stage. The Court assumes without deciding that Coleman's medical circumstances constitute an extraordinary and compelling reason. Therefore, the Court focuses on whether the § 3553(a) factors support granting a sentence reduction.

After careful review, the Court finds that the § 3553(a) factors counsel against a sentence reduction. Coleman's criminal conduct in this case was extremely serious. He engaged in drug distribution and possessed a firearm in furtherance of that offense. Guns and drugs are a very dangerous combination. Additionally, Coleman is a career offender under the United States Sentencing Guidelines with a lengthy criminal history, including drug and assault convictions. The Court considered Coleman's medical conditions and all other mitigating circumstances when it determined the appropriate sentence for him. Ultimately, for the reasons stated more fully on the record at the sentencing hearing, the Court concluded that a 165-month sentence—a downward variance from the advisory guidelines range—was

appropriate after considering all of the § 3553(a) factors.  To date, Coleman has served less than 12% of his custodial sentence.  Notwithstanding his mitigating circumstances, releasing him at this time would not adequately reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, protect the public from further crimes, or deter Coleman and others from engaging in criminal conduct.  While the Court is sympathetic to Coleman's situation, the § 3553(a) factors militate strongly against reducing his sentence. *See United States v. Lafontante*, 2026 WL 788203, at *2 (11th Cir. Mar. 20, 2026) (per curiam) (concluding that the district court did not abuse its discretion in finding that  "the need for [the defendant's] sentence to reflect the seriousness of his offense, to provide adequate deterrence, and to promote respect for the law, weighed against [the defendant's] medical conditions and rehabilitative efforts").[3]  For these reasons, Coleman has not met his burden to establish eligibility for a sentence reduction, and his motion is due to be denied.

## CONCLUSION

Accordingly, for the reasons stated, it is

ORDERED that Coleman's motion for sentence reduction (doc. 123) is DENIED.

DONE this 18th day of June, 2026.

/s/ Emily C. Marks

EMILY C. MARKS
UNITED STATES DISTRICT JUDGE

---

[3] While the Court acknowledges that this case is nonprecedential, the Court finds it persuasive.